IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAURICE PERRY WILSON, #19028977, § § | | |
| PLAINTIFF, § § | | |
| v. § | CASE NO. 3:20-CV-1647-E-BK | |
| § | | |
| DALLAS POLICE DEPARTMENT, ET AL., § | | |
| DEFENDANTS. § | | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Maurice Perry Wilson's motion to proceed *in forma pauperis*, but did not issue process pending judicial screening. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED** in part for want of jurisdiction, the remaining claims **STAYED,** and the case **ADMINISTRATIVELY CLOSED** pending the resolution of Wilson's state-court criminal proceeding.

I. BACKGROUND

This civil action arises out of Wilson's state prosecution for the offense of robbery in case number F1955597, pending before the 283rd Judicial District Court of Dallas County. Doc.

3 at 4. Wilson, a pretrial detainee at the Dallas County Jail, is represented by court-appointed counsel in the state criminal case and is awaiting a trial.[1]

In his *pro se* complaint, Wilson names as Defendants the Dallas Police Department and the two unidentified police officers who arrested him. Doc. 3 at 1, 3. As best as the Court can glean from the complaint, Wilson alleges that the officers lied on the police report and that there is no evidence to support his pending robbery charge. Doc. 3 at 3-4. Wilson requests dismissal of the robbery charge and compensatory damages for his pretrial confinement. Doc. 3 at 4.

## II. ANALYSIS

### A. Request for Dismissal of State Criminal Charge

This Court must first examine the threshold question of whether it has subject matter jurisdiction. It is an issue of paramount concern that should be addressed, *sua sponte* if necessary, at any time throughout the proceedings. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[F]ederal court may raise subject matter jurisdiction *sua sponte*."); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As is relevant here, the *Younger* abstention doctrine precludes federal courts from granting injunctive relief based on constitutional challenges to state criminal prosecutions that are pending at the time the federal action is instituted. *Younger v. Harris,* 401 U.S. 37, 41 (1971). For *Younger* to apply, three requirements must be satisfied: (1) the dispute must involve

---

[1] The criminal case docket sheet is available on the Dallas County website at https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last accessed August 10, 2020).

an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Court,* 84 F.3d 188, 189 (5th Cir. 1996) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).

The *Younger* abstention requirements are met here, as Wilson seeks an order dismissing his pending state criminal proceeding. What Wilson requests this Court to do is "precisely the crux of what *Younger* forbids a federal court to do." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 85 (5th Cir. 1992) ("Under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff."). It is apropos that the state has a vital interest in prosecuting violations of its criminal laws. *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws."). Also, Wilson can raise his claim—including any constitutional challenge—in the state trial court where, importantly, he is represented by counsel. Finally, this case does not fall within the very narrow category of "extraordinary" cases in which federal injunctive relief against a pending state prosecution would be warranted. *See Kugler v. Helfant,* 421 U.S. 117, 124-25 (1975).

In sum, because Wilson cannot show that any exception to the *Younger* abstention doctrine is warranted, the Court should abstain from exercising jurisdiction over his challenge of the State's prosecution of him for robbery in Dallas County cause number F1955597. *See Boyd,*

575 F. App'x at 519 (dismissing under the *Younger* abstention doctrine injunctive relief claims by pretrial detainee relating to his pending criminal prosecution).

### B. Request for Monetary Damages

As previously mentioned, Wilson also seeks compensatory damages. The *Younger* abstention doctrine is not applicable to a claim for damages. *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam) (citing *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994) (per curiam)). However, "[e]ven if *Younger* applies [to other requests for relief], the proper course of action is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference." *Id.* (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)); *see also Lewis*, 20 F.3d at 125 (affirming stay of "claims for monetary relief that cannot be redressed in the [pending] state proceeding").

Wilson's claim that the arresting officers allegedly lied in the police report necessarily implies the invalidity of his pending robbery charge. Thus, his claim for damages should be stayed until prosecution of the Dallas County charge against Wilson is concluded. *See Profit v. Ouachita Parish*, 411 F. App'x 708, 709 (5th Cir. 2011) (per curiam) (noting with approval that district court had stayed a civil case attacking the legality of a detainee's arrest, prosecution, and detention pending the resolution of criminal charges); *Busick v. City of Madison*, 90 F. App'x 713, 713-14 (5th Cir. 2004) (per curiam) (holding that where it is impossible to determine whether civil claims relating to an arrest and criminal prosecution necessarily implicate the validity of any conviction or sentence that the plaintiff might receive in ongoing criminal proceedings, the district court should stay the civil proceedings pending resolution of the criminal charges against the plaintiff).

### III. CONCLUSION

For the foregoing reasons, Wilson's claim seeking dismissal of his pending state criminal charge should be **DISMISSED WITHOUT PREJUDICE** as barred by the *Younger* abstention doctrine. Wilson's remaining claim for monetary damages should be **STAYED** and this case **ADMINISTRATIVELY CLOSED**, pending the final resolution of the state robbery charge in Dallas County case number F1955597. Finally, Wilson should be ordered to file a motion to reopen this case within 60 days after entry of judgment or an order of dismissal in his state criminal court case, and advised that failure to do so will result in dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or comply with a Court order.

**SO RECOMMENDED** on August 11, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).